AUGUST 8, 1801.

# John Snoddy v. The Madison Co. Court.

*Upon a mandamus to compel said justices to recommend him to the governor as a fit person to fill the office of sheriff of said county.*

1. A return on an alternative writ of *mandamus* held insufficient, and the peremptory writ awarded.

2. Where the return to a writ of *mandamus*, made by a county court, is held to be insufficient, the justices of the county court must pay the legal cost of the writ.

The defendants aforesaid having made return on the writ aforesaid in the following words and figures, viz:

"At a court held for Madison county on Monday the 2d day of March, 1801, the court returned the following answer to the annexed mandamus, to wit: This court are of an opinion that the general *principle* which governed a former court when making a recommendation of sheriff under the present constitution, was that when the county of Madison was first established, that John Snoddy and Archibald Woods were both commissioned as justices of the peace, and that afterward John Snoddy was appointed and served his time out as high sheriff, and that before Woods had an opportunity to serve as high sheriff, the constitution changed the mode, declaring, nevertheless, that the change in the government

Snoddy *v.* The Madison County Court.

should not affect the right or claim of any individual, no more than if such change had not taken place; therefore, if no such change had *not* taken place, Woods would have had the office of high sheriff once before Snoddy could have had it twice.

> GREEN CLAY,
> JOHN HARRIS,
> HUMPHREY JONES.

*A copy.* *Test,* WILL IRWINE, *C. M. C.*

Whereupon came the plaintiff by his attorney, and contested the said return, and prayed the court for a peremptory writ of mandamus to issue, directed to the said defendants, to compel them to recommend the said plaintiff, together with the next senior magistrate, to the governor as fit persons to fill the office of sheriff of said county; but the court not being sufficiently advised of and concerning the same, took time, &c.

### AUGUST 10, 1801.

The court being now sufficiently advised of and concerning the premises, and mature deliberation being thereon had, it is considered by the court that the causes shown by the defendants, in their return on the mandamus aforesaid, are insufficient to bar the said plaintiff from holding the office of sheriff of said county, and that he, the said plaintiff, together with such other magistrate for the said county as the constitution directs, should have been recommended to the governor by the said defendants as fit persons to fill the office of sheriff aforesaid; and it is further considered by the court that a writ of peremptory mandamus be awarded the plaintiff aforesaid, directed to the said defendants, to compel them to make such recommendation immediately as above mentioned.

### AUGUST 14, 1801.

As it appears to this court from the return made on the mandamus aforesaid by Green Clay, John Harris and Humphrey Jones, gentlemen, as justices then composing the county court of Madison, that they did refuse to recommend said plaintiff to the governor as a fit person to fill the office of sheriff of said county for the causes contained in said return, which causes being adjudged insufficient, this court is of opinion that the justices above named should be compelled to pay unto the plaintiff all legal costs by him in this behalf expended.