Wright, J.,
delivered the opinion of the Court.
This is an action of trespass quare claumm fregit, commenced the 22d of January, 1853, for cutting and carrying away certain timber trees. Verdict and judgment were rendered for the plaintiff in the Circuit Court, and the defendant has appealed in error to this Court.
*303 Tbe determination of this cause depends entirely upon the title of the particular piece of land upon which the trespass is alleged to have ■ been committed; for it is conceded here, and abundantly shown in the record, that this land is wild and un-enclosed; the same never having been cultivated, or aetvj*' ally possessed by either party. Unless, therefore, the plaintiff has shown a valid title in himself, he must fail in his action, as otherwise he can have no constructive possession.
In order to make out his title, the plaintiff read a deed from Robert Miller to Samuel Tillery, dated the 27th of August, 1857, for 120 acres, which includes the land in dispute ; and various intermediate conveyances from said Tillery to himself of the same land. He also read a deed from William Tyrrell to Charles McClung, dated the 9th of March, 1798, for 1000 acres, which also embraces the land in dispute; a deed from William Mills to Charles McClung, dated the 11th of November, 1799, for 184 acres ; and a deed from Tyrrell and McClung to Hugh Dunlap and Robert Miller, dated the 3d of May, 1800, for said 1000 acres, with a reservation of certain portions thereof which had been previously conveyed to others. It seems doubtful whether this last deed embraces the land in dispute. The plaintiff did not read, or connect himself with any grant, either to said Tyrrell, McClung, or other person.
The defendant read and relied upon a grant from the State of Tennessee to Henry Monker, dated the 29th of June, 1810, for 84 acres, which also includes the premises in dispute, and mesne conveyances of the same from said Monker to himself.
It will thus be seen, that testing the case by the deeds, or documentary evidence adduced by the parties, the defendant has the superior title ; and that in truth, his title aside, the plaintiff has altogether failed to show any reliable title in himself. To avoid this result, he insists that he has title by the statute of limitations, and by the presumption of a grant founded upon twenty years enjoyment. He does not contend upon any actual possession of the disputed land which appears to *304 be common to both, the title of the plaintiff and defendant; but he maintains that he has had twenty years actual possession of other portions of the 120 acres; which gave him constructive possession of the whole; and though he has not read a grant to the 120 acres, yet, that the grant to Monker covers the disputed land, and enables him to rely not only upon the presumption of a deed or grant, but also upon the statute of limitations. We do not see how either of these positions can be maintained. The evidence in this record, it seems to us, fails to show either seven or twenty years actual possession of any part of the 120 acres. And it is a very clear rule of law, that the statute of limitations cannot have effect to confer title, or the existence of a grant be presumed, unless the party claiming the benefit of the statute, or presumption, proves the actual possession of the land. The party’s claim of ownership, or the taking of timber from the land, unsus-tained by actual possession, cannot have the effect. Cutter v. Blackman, 2 Car. Law Repos., 566; Daney v. Sugg, 2 Dev. & Batt. R., 515; Jones v. Huggins, 1 Dev. R., 223. Nor will, as we believe, the mere parol declarations, acts, or acquiescence of Snoddy, and his vendors. Rogers v. White, 1 Sneed, 68; Jackson v. McCall, 10 Johns. R., 377. These must be aided by the possession of the adverse party, otherwise, it is to establish title in the plaintiff by parol evidence, which cannot be done.
But if we concede the actual possession, as claimed by the plaintiff, the result must be the same. The proof shows that Monker and his successive vendees, including Snoddy, have held actual and continual possession of a part of the 84. acre grant from the year 1812, to this time, claiming the land covered by the grant; but, as before stated, the actual possession of neither party ever extended to the land in dispute.
In such a state of facts it is clear, according to Talbot v. McGavock, 1 Yer„ 262; Smith v. McCall's heirs, 2 Hum., 163; Stewart v. Harris, 9 Hum., 714, and Tilghman et al. v. Baird, 2 Sneed, 196, the statute oí limitations can have no effect. Possession of land, so as to produce a bar, must *305 be an actual possession of some part in dispute. And this would be so, if Snoddy and his vendors never had actual possession of any part of the Monker grant, for having the superior title, the law adjudges the possession in them to the extent of their grant. Talbot v. McGavock, 1 Yer., 269-270; Fitzrandolph v. Norman et al., Taylor’s N. C. R., 127; Stewart v. Harris, 9 Hum., 714.
And it is alike plain, that no grant can be presumed in favor of the plaintiff, or his vendors. The case of White v. Lavender, 5 Sneed, 648, is a direct authority. Also, Taylor’s N. C. Rep., 127, 142, and Stewart v. Harris, 9 Hum., 714, 716. Their supposed constructive possession of the disputed land, upon which alone the presumption of a grant must rest, never existed. It was excluded by the superior title of the Monker grant, and the possession under it. And it can make no difference, if the fact be so, that Monker and his vendees were ignorant of the true boundaries of his grant, or that they were not visible and known; or that they, for a time, supposed them to fall short of the disputed premises. The law still adjudged them to hold and be in possession, according to the legal effect and true boundaries of the grant, unless they had been legally changed by a conventional line. Rogers v. White, 1 Sneed, 68, 75; Taylor’s N. C. Rep., 127, 142; Ricord v. Williams et al. 7 Wheat., 59.
It seems to us, the legal effect of the deed from John Hills-man to Snoddy, was to convey the entire Monker grant. But if it did not, the result is the same, as the deed bears date the 15th of August, 1848; and the anterior title and possession of Monker and Hillsman prevented any constructive possession of the disputed land in the plaintiff, or his vendors.
The Circuit Judge, in effect instructed the jury that the existence of the grant to Monker, and the possession under it, did not stop or defeat the legal presumption of a grant in the plaintiff, or those under whom he derived title.
This instruction, according to the principles above laid down, is erroneous.
The Circuit Judge also erred in instructing the jury that *306 the law presumed a. grant to have issued to Tyrrell, or Tyrrell and McClung, for the disputed land, and if it was embraced within the calls of their title deeds read, and had been regu-larty conveyed down to the plaintiff, he had the older and better title ; and if the defendant had entered upon the land and cut the plaintiff’s timber, or authorized it to be done, he was guilty of a trespass, and they ought to find for the plaintiff.
It is not pretended that the possession on which the plaintiff relies, began, or had any existence, prior to the date of the deed from Robert Miller to Samuel Tillery, on the 27th of August, 1817. How then could a grant be presumed anterior to that time ? How could it be presumed in Tyrell, or Tyrell and McClung, who never had possession ? How could it relate to the year 1798 or 1799 so as to overreach Monker’s grant in 1810 ? We know of no authority in support of the charge. The possession is believed to be the sole foundation of the presumption of a grant; and it is not seen how the title can be made to extend beyond it. If it may be extended at all, why not indefinitely ? The books say, when the uninterrupted enjoyment has been continued for twenty years, the law supposes that the claim of him who possesses had a just and legal Origin. But upon what authority can we say it originated prior to the possession? We think none. Hanes v. Peck's Lessee, Mar. & Yer., 231; Chilton et al. v. Wilson’s Heirs, 9 Hum. 399-405; Cannon v. Phillips, 2 Sneed, 211; White v. Lavender, 5 Sneed, 648-652.
The calls of the survey on the 23d of June, 1809, upon which the grant to Monker issued, are very particular and specific. They are so both in the survey and grant, and would seem to leave little doubt as to the true locality of the lines and corners of this grant. Whether they were actually marked, and if marked at the place designated in the survey and grant, and whether they correspond with what is called the Tillery line, or vary from it, does not distinctly appear in the record. It is to be inferred, however, that these lines do 'not agree. And we cannot, from the facts disclosed, say with *307 certainty whether the boundary was so ascertained and defined as that a parol agreement for a different one would not be binding upon Monker and his vendees, within the rule of Nichol v. Lytle, 4 Yer., 456, Lewallen v. Overton, 9 Hum., 76; Houston’s Heirs v. Matthews, 1 Yer., 116, and other authorities. And if it were a case where they could be bound by parol agreement to a boundary different from that established in the title papers, whether it is to be inferred from circumstances that they ever did agree upon the Tillery line, is a matter we need not now consider. Nor do we now inquire whether it be indispensably necessary to the recovery of the plaintiff that he deraign a superior title from the State; and whether he may not entitle himself to have a grant presumed to the disputed premises, by showing twenty years’ actual enjoyment of some part of the one hundred and twenty acres, and that Monker and his vendees fixed a boundary to his grant which did not include the disputed land, thereby breaking the force of their constructive possession. Jackson v. McCall, 10 Johns. R., 377; Rogers v. White, 1 Sneed, 74, 75.
These matters were not directly considered by the Court and jury, and, as to them, the case is not fully presented; and as the judgment of the Circuit Court must necessarily be reversed for the errors contained in the Circuit Judge’s instructions, we leave them, without further comment, for proper-consideration upon the next trial.
Judgment reversed, and cause remanded.