Sheed, J.,
delivered the opinion of the Court.
The prisoner appeals in error from a judgment of the Criminal Court of Montgomery, upon a conviction of larceny.
Upon the argument here, it is assigned as error, *339 that the record shows the appointment of one Henry Lyle as foreman of the grand jury, whereas the indictment is indorsed as a true bill by J. B. Taylor, as foreman of the grand jury.
A supplemental transcript has, however, been produced, which shows that the said Henry Lyle did not serve, after his said appointment, and that the court had appointed the said J. B. Taylor, foreman, who, upon the finding, indorsed the indictment, as aforesaid.
It is assigned as error, also, that the venire from which the grand jury was selected, was issued by the judge of said court under his own signature, and not by the clerk under the order of the court. The fifth section of the act of 1870, c. 115, creating the Criminal Court of Montgomery, provides that the judge of said court shall, from time to time, appoint a grand jury and two petit juries to attend its regular and special sessions. The eleventh section provides, that the judge of said court shall not only appoint the grand and petit juries for said court, and cause to be issued a writ of venire faeias to the sheriff of said county, but shall have power at any time that it may be necessary, to cause to be summoned other persons to serve as jurors in said court.
The ordinary venire faeias, according to the English practice, was a writ used commanding the presence in court of a party indicted of any petty misdemeanor. That kind of writ was process; but the venire faeias jura-tores is not process in the sense of the Constitution of the State, which requires that all writs and other process shall run in the name of the State, and bear teste *340 and be signed by the respective clerks. Original process, in the sense of the Constitution, is the means of compelling a defendant to appear in the court after suing out the original writ in civil, and after indictment in criminal cases. By final process, the judgments of courts are executed: 2 Bouv. L. D., 379. The only object of requiring process to be signed by the clerk, is, to give it the stamp of judicial authority. The Legislature would certainly not have the power to vary the mode of attesting process in its technical sense, as required by the Constitution; but all precepts from courts of justice, other 'than such process as is contemplated in the Constitution, is under the legislative control. The venire faeias juratores being a mere designation of the persons appointed by the court to act as a jury, may as well be issued under the signature of the judge of the .Criminal Court of Montgomery under this act, as under the signature and attestation of the clerk. Such an attestation by the judge, would surely give no less credit and verity to the precepts than that of the clerk. The powers conferred upon the judges by this act in reference to the organization of the jury, are very ample. He is required in one section to appoint the grand and petit jury, and in another, he shall not only appoint, but cause the venire faeias to issue to Ihe sheriff; and the power is given him at any time that it may be necessary, to summon other persons to serve as jurors. These provisions are very comprehensive. The formal issue of a venire may not always be necessary. A mere designation of the persons by the court, and his verbal order to the sheriff at any time to sum- *341 mom them, would, under these provisions, seem to be allowable. We are of opinion that the mode adopted by the court in this case for organizing the grand jury, can not affect the validity of the indictment.
It is insisted by the prisoner in this case, that his confessions of guilt were extorted by improper influences, and that they were improperly admitted in evidence against him. And the majority of the court is of this opinion. While it is conceded that the testimony as to facts discovered by the confession is proper, and that facts so discovered by the confession, and proven by extraneous evidence to exist, are admissible; yet it is contended, that, if such confession is improperly obtained, no part of it except its disclosure of such facts, is competent evidence. And such is the law. If a prisoner, under the influence of hope or fear, confess himself guilty, and state certain facts connected with the commission of the offense, which are otherwise shown to be true, these facts may be given to the jury as detailed by the confession or as a part of it; but the confession of guilt must be excluded. The prisoner is left, then, to reconcile his knowledge of these facts, with his innocence of the crime: Deathridge v. The State, 1 Sneed, 75; King v. Warickshall, 1 Leach, 298; King v. Lockhart, Id., 430.
Let the judgment be reversed, and the prisoner be remanded for a new trial.