## H. L. WRIGHT v. WM. WRIGHT.

BOUNDARY. *Conventional line. Parol. Agreement as to.* Where a party who has never had possession of land in controversy fails to show either title or interest in the same, any agreement made with him as to the boundary lines is without consideration, though made by parol or otherwise, and not binding upon the parties.

Cases cited: Leivellen v. Overton, 9 Hum, 79; Rogers v. White, 1 Sneed, 74.

---

### FROM OVERTON.

---

Appeal from the Circuit Court. S. M. FITE, Judge.

J. E. GOODPASTURE for H. L. Wright.

J. H. WENDLE for Wm. Wright.

DEADERICK, J., delivered the opinion of the Court.

This is an action of ejectment from the Circuit Court of Overton county. Judgment upon the verdict of a jury was rendered in favor of plaintiff below, from which defendant appealed, in error, to this Court.

The error assigned is in the charge of the Court. The Court instructed the jury that although the defendant had "shown no title papers, if he had an actual possession of any of the disputed territory at the time a conventional line may have been made," he had such a possessory right as would make any agreement, though by parol, he and the plaintiff may have made binding

on the parties, provided the true boundary was unknown, and the conventional line was made to settle the dispute as to the line. But as defendant has shown no proper title to any lands, he must show that he, at least, had some possessory right, by having a part of the disputed land in possession, to authorize him to enter into an agreement to make a conventional line."

We do not think there was any error in this charge of which plaintiff, in error, can be heard to complain. The defendant below introduced no title papers to the land adjoining plaintiff; he proved no possession of any part of the land in dispute, and, consequently, failed to show that he had any title to or interest in the land in controversy.

In 9 Hum., 79, *Leivellen* v. *Overton,* this Court held, "that a party having no title to the land had no legal interest in the establishment of the boundary. An agreement entered into with such party was without consideration, and was not mutual." To the same effect is the case of *Rogers* v. *White,* 1 Sneed, 74.

Let the judgment be affirmed.