# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## DECEMBER TERM, 1879.

## Murphy *v.* The State.

### *Indictment for Burglary.*

1. *Admissibility of confessions.*—Although the more recent authorities favor the admissibility of confessions, unless they are shown to have been made under the influence of promises or threats on the part of an officer of the law ; yet this court, constrained by its former decisions, holds a confession inadmissible, when induced by hope or fear excited in the mind of the accused, by the representations of any person connected with the prosecution, or with the accused himself, who, considering his relations and condition, may fairly suppose that such person has power to secure the performance of his promises or threats ; and excludes the confessions of the accused in this case, made while he was in jail under a charge of burglary, to a clerk in the storehouse alleged to have been broken and entered, who was also a part owner of the goods said to have been stolen from it, and induced by his promises not to prosecute the accused, and not to appear as a witness against him unless compelled.

2. *Same ; when corroborated.*—When the confession of the accused is corroborated by extraneous facts—as, in this case, by the discovery of a part of the stolen goods, in consequence of a statement made by him, in the possession of a particular person recently after the burglary—it is competent to prove to the jury his statement and the corroborating fact of the discovery ; but this does not render competent his confession, at the same time, that he committed the burglary and larceny, if such confession was improperly procured by promises or threats.

FROM the Circuit Court of Dallas.

Tried before the Hon. GEO. H. CRAIG.

The indictment in this case, which was found at the November term of said court, 1879, charged that the defendant, "Daniel Murphy, *alias* Dan Murphy, broke into and entered the store-house of David Weaver and Nathan Daniel, a building in which goods and merchandise, things of value, were at the time kept for use, sale, or deposit, with intent to steal." The defendant pleaded not guilty, was tried on issue joined on that plea, convicted, and sentenced to the penitentiary for the term of six years. On his trial he reserved the following bill of exceptions :

VOL. LXIII.

[Murphy v. The State.]

"D. Savery, a witness for the State, testified that, during the month of July, 1879, he was in the employment of Nathan Daniel and David Weaver, as a clerk in their store, which was in Perry county, but not more than one hundred yards from the Dallas county line; that during said month of July, while so employed, he one day left said store-house, first closing and locking all entrances to it, and leaving no place open through or by which a person could enter without breaking, unless through the chimney; that he left in the said house a stock of goods, his cuff-buttons, a finger ring, and fifty cents in money, which were all things of value, and the goods were kept for sale ; that when he returned to the said store, he discovered that the buttons, ring and money had been taken out, the cash-drawer had been carried out and left in the yard, and some small articles of merchandise had also been taken out; that the store had not been broken in any part, so far as he could see, but was in the condition in which he left it, with the exception of the property taken out; and that the soot in the chimney had been raked down, and was on the floor, as if some person had entered through the chimney.   A short time after this, the witness said, he visited the defendant, who was, at the time of his visit, confined in the jail of Dallas county, and told him, that if he would tell him (witness) whether he was the person who entered the store, and where the jewelry was, he would not prosecute him, and would not swear against him unless forced to do so.   The solicitor then asked the witness to state what the defendant told him on that occasion ; to which the defendant objected, because the confession was not voluntary. The court then directed and permitted the solicitor to ask the witness, whether, in consequence of information then derived from the defendant, he found any of the articles taken from the store ; to which the witness answered, that he did : that the defendant told him he had loaned the cuff-buttons to George Goldsby, and had sold the ring to a colored man on Mr. Marshall's place, whose name he did not recollect ; and that he (witness) got the buttons from said Goldsby, and the ring from a white man named Blunt, who was clerking for Mr. Marshall, but was not the person to whom defendant said he had sold it.   The court then permitted the solicitor to ask the witness to state all that the defendant said on that occasion ; to which the defendant objected, because the same was not voluntary, and was obtained from him upon the promise that said witness would not prosecute him, and would not swear against him unless forced to do so ; but the court overruled the objection, and permitted the witness to state all that the defendant told him ;

VOL. LXIII.

[Murphy v. The State.]

to which the defendant excepted. The witness then testified, that on that occasion, and after this promise, the defendant told him that he was the person who entered the said store; to which evidence the defendant objected, because such confession was not voluntary, but was obtained from him on the said promise of the witness; but the court overruled the objection, and admitted the evidence; to which the defendant excepted. This being all the evidence, the defendant moved the court to exclude from the jury the confession that he was the person who entered the store, because the same was not voluntary; but the court overruled said motion, and the defendant excepted. The defendant then asked the court to admit said confession only for the purpose of showing that the property taken from the storehouse, and recovered by the witness, was discovered conformably with the information obtained by the witness from the defendant; because the same was not voluntary, and was obtained upon the said promise of the witness. But the court overruled this motion, also, and allowed the evidence to go to the jury without restriction; to which the defendant excepted."

H. S. D. MALLORY, for the defendant, cited the case of *Brister v. The State*, 26 Ala. 107.

H. C. TOMPKINS, Attorney-General, for the State, cited *Brister v. The State*, 26 Ala. 107; *Sampson v. The State*, 54 Ala. 241; *Hudson v. The State*, 9 Yerger, 408; *The State v. Brick*, 2 Harring. 530.

BRICKELL, C. J.—It may be, if the confession of a prisoner, or a person charged with a criminal offense, is obtained by promises of favor, made by one who is known to him to have no connection with the prosecution, no interest in it, and no power to control it, that it will be received in evidence; and it is, perhaps, true, that the more recent authorities favor the admissibility of confessions, unless it is shown that they were made under inducements held out, or threats made, by a person having authority—*an officer of the law.* 1 Wharton's Cr. Law, §§ 686–92. We feel constrained by our former decisions to hold, that a confession induced by hope or fear, excited in the mind by the representations of any one connected with the prosecution, or connected with the accused, who may, considering his relations and condition, be fairly supposed by him to have power to secure him whatever of benefit is promised, or to influence the threat_

ened injury, cannot be regarded as voluntary, and ought not to be received in evidence.

The confessions in this case were made to a person who was engaged as a clerk in the store-house alleged to have been broken and entered, and the owner of a part of the goods said to have been stolen therefrom. They were made while the prisoner was in jail, and upon promises that he (the clerk) would not prosecute him, and would not appear as a witness unless compelled. It would be a departure from the current of our former decisions, which have not favored the admissibility of confessions, unless plainly shown to be voluntary—uninfluenced by hope or fear—to pronounce these confessions admissible evidence.

2. But it is insisted for the State, and that was the view of the Circuit Court, that the confessions were admissible, because part of the property stolen was found in the hands of persons to whom the prisoner stated he had disposed of it. There is much of obscurity and confusion in the law relating to the admissibility of confessions. The cases are conflicting and irreconcilable, and the statements of principles by the most approved text-writers are not always harmonious and consistent. We do find it stated in judicial decisions, that, although confessions have been obtained under the influence of threats or promises, they are admissible, and will support a conviction, if attended by extraneous facts corroborating their truth; for instance, if, in a case of homicide, the body is found where the prisoner in his confession stated it was; or if, in a case of larceny, the stolen goods are found where he stated they were concealed.—*Aikin v. The State*, 35 Ala. 399; *The State v. Brick*, 2 Harr. 530; *The State v. Crank*, 2 Bailey, 77. The correct principle, however, is as stated by Wharton: "Although confessions, obtained by threats or promises, are not evidence, yet, if they are attended by extraneous facts, which show that they are true, any such facts which may be thus developed, and which go to prove the existence of the crime of which the defendant was suspected, will be received as testimony: *e. g.*, where the party thus confessing points out or tells where the stolen property is; or when he states where the deceased was buried; or gives a clue to other evidence which proves the case."—1 Wharton's Am. Cr. Law, § 695; 1 Phill. Ev. 412; 1 Greenl. Ev. §§ 231–2. It is not the entire confession, however, which may be received: it is only so much of it as relates *strictly* to the material fact discovered, that may be given in evidence; for the fact discovered has a reasonable tendency to confirm that part of the confession, and to exclude the idea of its fabrication under undue influences.

3 Russ. 419; *Warickshall's case*, 1 Leach, 298, case 127; *Death-ridge v. The State*, 1 Sneed, 75.

In the case last cited, the prisoner was indicted for the arson of a store-house; and under threats and promises, he made confessions of complicity in the crime, and pointed out where goods stolen from the house were concealed. The entire confession had been received on his trial, and erroneously, as was decided by the Supreme Court. After stating the principle as it is stated in Russell on Crimes, the court said: "It was competent to prove that the prisoner stated, or pointed out, the place where the goods might be found, and that the goods were found at the place indicated by him. That is all of the confession, in such case, that is competent; and it becomes so only from the fact that its truth is verified by the discovery of the goods. But, if the prisoner had stated, at the same time, that he had taken the goods from the burning house, and put them there, that would be incompetent as evidence; it being part of extorted or improper confession." Applying this rule to the evidence in this cause, it was proper to leave to the consideration of the jury the fact that, in consequence of the statement made by the prisoner, a part of the stolen goods were found in the possession of a particular person, recently after the burglary; but not his acknowledgment that he had broken and entered the store, or that he had stolen the goods. These are facts the jury must collect or not from all the circumstances of the case, and they are not to be aided by confessions extorted from the excited hopes of the prisoner.

The judgment must be reversed, and the cause remanded. The prisoner will remain in custody, until discharged by due course of law.