# Banks *v.* The State.

*Indictment for Burglary.*

1.  *Admissibility of confessions; extraneous criminative facts discovered.*
Confessions are, *prima facie,* involuntary and inadmissible as evidence;
and when a confession has been obtained by appliances of hope or fear,
a subsequent confession, made within a reasonable time thereafter, is
equally inadmissible, unless it is clearly shown that the undue influ-
ence had been withdrawn; and the mind of the defendant left free and
unbiased; yet, if the confession, though obtained by improper means,
discloses extraneous facts, which corroborate its truth, and tend to
prove the commission of the offense, those facts may be proved, and so
much of the confession as relates strictly to them.

2.  *Same; case at bar.*—The defendant, while under arrest, having
been assured by the arresting officer that "it would be best for him to
tell all about it," offered to conduct the persons who had him in charge
to the place where the stolen goods were concealed, and the goods were
found in the place which he pointed out.   *Held,* that these facts were
admissible evidence for the prosecution, though the disclosure was ob-
tained by improper means; but that a subsequent confession, detailing
the circumstances of the burglary, was inadmissible, though corrobo-
rated by facts previously discovered.

APPEAL from Calhoun Circuit Court.

Tried before Hon. L. F. Box.

The defendant, Banks, was charged by indictment with
burglarizing the store-house of one McBride in Cross Plains,
Calhoun county.   It appeared on the trial of the cause, that
the day following the burglary, defendant was arrested by
one Hampton and others.   Hampton, or another of the ar-
resting party, a short while after the arrest, told defendant
that "it would be best for him to tell all about it."

The State then showed, against defendant's objection, that
defendant offered to conduct, and did conduct, said Hampton
to an old field where many of the stolen goods were found.
Against defendant's further objection, the State then showed
by said Hampton, that after the discovery of the stolen goods
in the field, the defendant told said Hampton that "we (de-
fendant and another) broke open the store door with a crow-
bar, which we got at the (railroad) transfer yard."

It was shown that when defendant made this statement,
he had not been informed that a crow-bar had been found in
the store-house, nor that any bruises had been discovered on
the store door.

[Banks v. The State.]

BROTHERS, WILLETT & WILLETT, for appellant.

THOS. N. McCLELLAN, Attorney-General, *contra.*

CLOPTON, J.—In respect to the admissibility in evidence of the confessions of a person charged with a crime, the following rules have been repeatedly declared, and are well established, by our decisions:

Confessions are *prima facie* inadmissible, and it must be satisfactorily shown to the court that they are voluntary—were made when the mind of the accused was free from the influence of hope or fear—before they can be received in evidence. Any menace, or hope excited by encouragement that the prisoner would be more favorably dealt with if he confesses, is sufficient to exclude them.

When a confession has been obtained by appliances of hope or fear, a subsequent confession made within a reasonable time thereafter should be excluded, unless it is clearly shown that all undue influence had been fully withdrawn, or explained away, and that the mind of the accused was as free therefrom, as if no effort had been made to extort a confession.

And, though a confession may be obtained by the influence of threats or promises, if they disclosed the extraneous facts, which show their truth and tend to prove the commission of the crime, so much of the confession as relates strictly to the facts discovered, and such facts, are admissible in evidence, but not the entire confession.—*Owen v. State*, 78 Ala. 425; *Murphy v. State*, 63 Ala. 1.

The offer of defendant to conduct the parties, who had him under arrest, to the place where the stolen goods were concealed, his having done so, and the discovery of the goods at such place, were properly received in evidence, though such offer was preceded by an assurance that it would be best for him to tell all about it. This can scarcely be regarded a confession, though the result was the discovery of criminative facts.—*Spicer v. State*, 69 Ala. 159. But, if considered in the nature of a confession, the evidence was admissible under the foregoing rules. The confession, however, made after finding the goods, and while the prisoner was still under arrest, to the same parties, who had given the previous assurance of hope, should have been excluded. It was not shown that the influence of such assurance, and of the hope engendered thereby, had been fully withdrawn, or explained

[Pfister v. The State.]

away, and that it was entirely obliterated from the mind of the prisoner.

Reversed and remanded.