# Lowe *v.* The State.

*Indictment for Murder.*

1. *Confessions with corroborating facts thereby discovered* —When confessions, though not shown to be voluntary, are corroborated by the discovery of material facts through information derived from them, as the discovery of the body of the deceased, that part of the confession which relates to the facts so discovered is admissible as evidence in connection with those facts; and when the bill of exceptions does not show whether the corroborating facts were discovered before or after the confessions were made, but does not purport to set out all the evidence, this court will presume, if necessary to sustain the ruling of the court below, that they were discovered afterwards.

2. *Objection to evidence partly admissible.*—A general objection to evidence as a whole, when part of it is admissible, may be overruled entirely, since the court is not bound to separate the legal from the illegal parts.

3. *Charge to jury as to sufficiency of evidence and reasonable doubt.* On a prosecution for murder, the court having charged the jury, on request of the defendant, that in order to justify them in finding him guilty of murder, "they must be satisfied that he has been proved guilty of murder, fully, clearly, conclusively, and satisfactorily, and that to a moral certainty, and beyond all reasonable doubt," may afterwards give an explanatory charge, to the effect that these several qualifying expressions mean no more than that they must be satisfied of his guilt beyond all reasonable doubt.

4. *Charge invading province of jury, as to testimony of witness willfully false in part.*—The jury may believe portions of the testimony of a witness, especially if corroborated by other witnesses, or by circumstances clearly proved, although they may believe that he has willfully sworn falsely as to some material fact; and a charge which instructs them that they must disregard his testimony altogether, if willfully false in part, is an invasion of their province, and is properly refused.

5. *Charge misleading jury, as to legal maxim favoring escape of guilty.* It is not an established maxim of the law, that it is better for ninety-nine guilty men to escape, than that one innocent man should be punished; and a charge asserting that proposition is properly refused, as tending to mislead the jury.

From the Criminal Court of Jefferson.

Tried before the Hon. S. E. Greene.

The defendant in this case, Gilbert Lowe, was indicted, jointly with several other persons, for the murder of John W. Meadows, "by striking him with a stone, or rock, or by some means unknown to the grand jury;" was convicted of murder in the first degree, and sentenced to death. The

opinion states the material facts, and shows the questions reserved by bill of exceptions.

S. M. & W. C. MEEK, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The first matter complained of is, the refusal of the court to exclude the entire confession of defendant, on the ground that it was not shown to have been freely and voluntarily made. The necessities of the case do not call for a decision of the question, whether or not the confession was voluntary. In his confession defendant described the kind of clothing which the deceased wore when killed, and the place where he was killed; and stated that the body was left in a sink, covered with leaves, and also some keys, a watch-chain, a broken-handled knife, and a brown soft hat. The court excluded all of the confession, except the statements describing the dress of deceased, the place where the killing occurred, and the manner in which the body was left.

A modification of the rule, which excludes a confession not shown to be voluntary, is, that if information, derived therefrom, leads to the discovery of material facts, which go to prove the commission of the crime, so much of the confession as strictly relates to the facts discovered, and the facts themselves, will be received in testimony, though the confession may not be shown to have been voluntary; for the reason, that the discovery of the facts corroborates the truth of the confession, to that extent.—*Banks v. State*, 84 Ala. 430; *Murphy v. State*, 63 Ala. 1. There is evidence showing that the body of the deceased was found at the place where accused stated it was left, partially covered with leaves, as were also a broken-handled knife, watch-chain, keys, and a brown soft hat, near the body. The record does not affirmatively disclose whether the body and other articles were discovered before the confession was made, or afterwards, as a sequence of the information derived from the accused. But the bill of exceptions does not purport to set out all the evidence. In this state of the record, we must presume, if necessary to sustain the ruling of the Criminal Court, that they were discovered after the confession. It is true that the clothing, which the defendant stated deceased wore, was not discovered—he was stripped of apparel, except the under-

wear. The only identifying testimony as to the clothing is, that the deceased wore such the last time he was seen before the killing. It may be, that the statement of defendant as to the coat, vest, pantaloons and shoes of deceased, do not come within the rule of admissibility; this question we do not decide. The motion was to exclude, and the exception goes to the refusal of the court to exclude, the entire confession. When general exceptions are made to evidence, partly admissible and partly inadmissible, the court is not bound to separate the legal and illegal parts. The Criminal Court could have properly overruled the entire motion, a portion of the statements of defendant being admissible. No objection having been made separately and specially to the portion of the statement describing the dress of deceased, which may be of doubtful admissibility, and as the court could properly, on the motion to exclude the entire confession, have retained the whole of it in evidence, defendant can not complain that the court failed to nicely separate the legal and illegal parts.

The court, having charged the jury at the instance of defendant, that before they can convict of murder, they must be satisfied that he has been proven guilty of the offense "fully, clearly, conclusively, satisfactorily, and that to a moral certainty and beyond all reasonable doubt," the prosecuting solicitor requested the court to instruct the jury, that the terms used in the foregoing charge meant the same as that they must be convinced of his guilt "beyond a reasonable doubt." The charge given at the instance of the defendant, was probably calculated, by the conjunctive use of cumulative words and expressions, to create upon the mind of the average juror the erroneous impression, that a higher degree of proof is essential to conviction for murder, than is meant by the phrase, "beyond a reasonable doubt." The explanatory charge was proper, to prevent the jury from being misled.—*McKleroy v. State,* 77 Ala. 95.

There is no error in the refusal of the court to charge the jury, that if a witness has willfully testified falsely to any material fact, they should disregard his evidence altogether. Of the weight and credibility of all oral proof, whether given for or against the accused, the jurors are the sole judges. They may disregard altogether the evidence of a witness who has willfully sworn falsely, or they may credit portions of his testimony, especially if corroborated by other witnesses, or by circumstances clearly proved. The court

[Lewis v. The State.]

can not, as matter of law, instruct them to disregard altogether the testimony of any witness. The charge would have invaded the province of the jury.—*Moore v. State,* 68 Ala. 360; *Jordan v. State,* 81 Ala. 20.

It can not be said that the trite expression, it is better that ninety-nine guilty men should escape than that one innocent man should be punished, is an established maxim of the law. The law recognizes no such comparison of numbers. Its sole object is to punish the guilty, and that the innocent be acquitted. The tendency of such charge, unexplained, is to mislead. We have heretofore ruled, in several cases, that it is not error to refuse similar charges. *Ward v. State,* 78 Ala. 44; *Carden v. State,* 84 Ala. 417.

Affirmed.