# Gregg v. The State.

## Indictment for Murder.

1. *Organization of jury; challenges in capital cases.*—Under the provisions of section 13 of the general jury law, as amended by act of February 28, 1889, (Criminal Code, pp. 132-135; Acts 1888-89, p. 77), on the trial of a capital case the defendant is entitled to 21 peremptory challenges, and when two or more defendants are tried jointly, each defendant is entitled to one-half of the peremptory challenges allowed by the act; and where, on the joint trial of two defendants, who were jointly indicted for murder, one of the co-defendants was allowed and accepted eleven peremptory challenges, the court thereby complies with the law, and such defendant can not complain of not having been allowed 21 peremptory challenges, on the ground that one-half of twenty-one being ten and one-half, the statute was impossible of execution, and that, therefore, each of the defendants was entitled to twenty-one peremptory challenges.

2. *Confessions; must be voluntary to be admissible.*—Before a confession is admissible in evidence, it must be shown to have been made voluntarily; and where on a trial for infanticide, the defendant being charged with having killed her daughter's infant, a witness testifies that he, together with others, went to the house of the defendant to investigate the matter, and made the impression upon the defendant that they had authority to institute investigation, and after the

[Gregg v. The State.]

denial by the defendant of the birth and destruction of the child, the witness said to the defendant: "Tell us the truth about it all and that will be the last of it," in response to which the defendant admitted the birth and murder of the infant, such confession is involuntarily made and is not admissible in evidence.

3. *Confessions with corroborating facts thereby discovered.*—When confessions, though not admissible in evidence, because not shown to have been voluntary, are corroborated by the discovery of material facts through information derived from them, such as the discovery of the body of the deceased, that part of the confessions which relates to the facts so discovered, is admissible in evidence in connection with those facts.

4. *Evidence; admissibility of statements by defendant as showing motive*—Upon the trial of one charged with having killed her daughter's child upon its birth, it is competent for the daughter to testify that while she was pregnant, her mother, the defendant, said that she would nearly kill her if she was pregnant, such testimony tending to show the motive of the defendant for destroying the child.

5. *Charge to the jury; effect of contradictory statements by the witness.* A charge which instructs the jury "that proof of contradictory statements or declarations on a material point, made by the witness, may be sufficient to raise a reasonable doubt in the minds of the jury as to the truth of the testimony of the witness," is free from error, and should be given.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The appellant, Julia Gregg, was indicted jointly with Nancy Gregg for infanticide. Nancy Gregg was acquitted, and Julia Gregg was convicted of murder in the second degree, and sentenced to the penitentiary for ten years. The facts pertaining to the questions reviewed on this appeal are sufficiently stated in the opinion.

The defendant, Julia Gregg, asked the court to give to the jury the following charge, and duly excepted to the court's refusal to give it: "The court charges the jury that proof of contradictory statements or declarations on a material point, made by the witness, Martha Gregg, may be sufficient to raise a reasonable doubt in the minds of the jury as to the truth of the testimony of the witness, Martha Gregg."

VIRGINIUS W. JONES, for appellant.—The court erred in not allowing the appellant 21 peremptory challenges. The provisions of the statute allowing one of two co-defendants one-half of the peremptory challenges being

[Gregg v. The State.]

impossible of execution, the defendant was, therefore, entitled to all of the 21 peremptory challenges.—23 Amer. & Eng. Encyc. of Law, 298-305; 364.

The court erred in allowing the evidence of threats made by the defendant against her daughter to go to the jury. The threats made were not against the person killed, and were too remote to be admissible.—*Ford v. State*, 71 Ala. 385.

The confession by defendant was involuntary and inadmissible.—1 Greenl. on Evidence, § 220, note.

The court erred in refusing the charge requested by the defendant.—*Washington v. State*, 58 Ala. 355.

WILLIAM C. FITTS, Attorney-General, for the State.

There was no error in the court's refusal to allow the appellant 21 peremptory challenges. It is a general rule of construction of statutes that the words of the statute under consideration must be taken in their natural and ordinary sense and without any force or subtle construction.—*State v. Clarkville &c. Co.*, 2 Sneed, (Tenn.) 91; 23 Amer. & Eng. Encyc. of Law, 306.

HARALSON, J.—1. Section 13 of the act of February 28th, 1887, as found in the Criminal Code, pp. 132-5, as amended by the act of February 28th, 1889, (Acts, 1888-89, p. 77), provides, that upon the trial of a capital case, the defendant shall be entitled to twenty-one peremptory challenges, and the State to fourteen, and when two or more defendants in such a case are on trial jointly, each defendant shall be entitled to one-half of the peremptory challenges allowed by the act.

The defendants in this case were tried jointly. While selecting the jury, the defendant, Julia Gregg, separately challenged, peremptorily, eleven jurors, each of whom had been accepted by the State. Another juror was drawn and duly examined and pronounced qualified by the court, and was accepted by the State. Defendant, Julia, then proposed to challenge said juror peremptorily for herself, claiming that each defendant was entitled to twenty-one peremptory challenges; and so, she challenged each other juror, found qualified and accepted by the State, until the jury was completed reserving an exception each time, to the refusal of the court to allow her to do so. The contention is, that one-half of twenty-

one being ten and a half, the defendant was entitled to that number, no less and no more, and, the statute being impossible of execution, the general statute in the Code allowing twenty-one peremptory challenges prevailed. But, that is too technical. The court, in the execution of the law, allowed defendant eleven challenges and that, certainly, gave her ten and a half, and a half besides, which she accepted, and for which she cannot complain. If in the execution of this statute, the court allows the defendant eleven peremptory challenges, it complies with the law, and to refuse less, by allowing only ten, would be an error. Any other construction would be so technical and wanting in good reason as not to admit of adoption.

2. Walter E. Sanderson, examined as a witness, stated that he and three other negro men, hearing of the rumored birth and destruction of the infant of Martha Gregg, went to the house where Martha and her mother, Julia, the defendant, and Nancy Gregg, the grandmother of Martha, lived, to investigate the matter. There can be no question, that they appeared to Julia and Nancy as clothed with some authority to institute the investigation. There was nothing wrong in their mission, but their coming must have aroused apprehensions and fears in the minds of the defendants, and have presented the appearance of authority to them. They informed defendants of their mission, told them they had heard that Martha had had a child, and it had been done away with. They denied that any child had been born. Sanderson and those with him still insisted, that a child had been born there and made away with, and upon their telling them what had been done with it. After their repeated denials of such fact, Sanderson testified he said to them : "Tell us the truth about it all, and that will be the last of it." The defendant Julia, shortly after that, said : "Yes, Martha did have a baby, and I burned it up." The defendant, Julia, moved to exclude this evidence, which the court refused to do, and defendant excepted. In this the court erred. The confession was of material facts tending strongly to show the guilt of the defendant. What the witness,—speaking for the company with him,—said to defendant, held out to her the inducement, that if she would tell all about it, that would be the last of it. What did she understand by the promise?

[Gregg v. The State.]

Certainly, that if she told, they would not tell on her, and there would be no prosecution for the offense. Here was inducement, advantage held out to her by these persons, to make this confession. It was patently inadmissible, and the objection interposed to it should have been sustained. 1 Greenl. Ev., § 220; *Beckham v. The State*, 100 Ala. 15; 3 Brick. Dig. 285, § 552.

The witness further testified, that the defendant afterwards told them, after much urging, that she had buried the child, and she carried them first, to the graveyard, where she said she had buried it, but not finding it there, afterwards carried them to a thicket, and pointed to a spot, where after search, they found the box containing the body of a newly born male child. Decisions are not wanting, holding that when confessions have been illegally admitted, under the influences of threats and promises, they are rendered admissible and will support a conviction, if attended by extraneous facts corroborating their truth. But that rule has received modification to the extent, that if the confessions are held not to be admissible because not voluntarily made, "Yet, if they are attended by extraneous facts, which show they are true, any such facts which may be thus developed, and which go to prove the existence of the crime of which defendant was suspected, will be received as testimony: e. g., where the party thus confessing points out or tells where the stolen property is; or, when he states where the deceased was buried, or gives a clue to other evidence which proves the case."—1 Wharton's Am. Cr. Law, § 695; 1 Greenl. Ev., §§ 231–2. "It is not the entire confession, however, which may be received; it is only so much of it as relates *strictly* to the material fact discovered, that may be given in evidence; for the fact discovered has a reasonable tendency to prove that part of the confession, and to exclude the idea of fabrication under undue influence."—*Murphy v. The State*, 63 Ala. 4; *Banks v. The State*, 84 Ala. 430; *Lowe v. The State*, 88 Ala. 9.

3. The witness Martha was allowed to testify, that while pregnant with the child, her mother, the defendant, asked her if she was pregnant, and told her if it was so, she would nearly kill her. There was no error in this. It tended to show her motive for destroying the child.

4. The charge asked by defendant and refused is precisely the charge which, in *Washington v. The State*, 58 Ala. 355, was said to be free from error, and should have been given.

For the errors pointed out, the case must be reversed. Reversed and remanded.