JOHN HAMILTON *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Confessions.*

77 675,<br>80 595

> The confessions of a boy charged with crime, made without warning. while in jail, to his employer, in the presence of an officer, in response to the employer's statement to him that it would be better to tell the truth about the charge, is not beyond a reasonable doubt free and voluntary, and should not be admitted in evidence.

FROM the circuit court of Lauderdale county.

HON. GREEN B. HUDDLESTON, Judge.

The appellant, John Hamilton, a colored lad, together with Tom Bates and Bud Henry, were indicted by the grand jury for burglary. The appellant was separately tried, convicted and sentenced to the penitentiary, from which he prosecuted an appeal to the supreme court. On the trial of the case the confession referred to in the opinion of the court was offered in evidence, against the objection of the prisoner, which confession was a practical admission by appellant that he and his co-defendants were guilty as charged.

*F. V. Brahan,* for appellant.

The real question presented is, first, is the confession legal? and, second, if not, is there other evidence sufficient to support the conviction? And I respectfully submit, that both of them are answered by the record in the negative.

The evidence left it doubtful whether the confession was voluntary, and it should have been excluded for that reason. *State* v. *Smith,* 72 Miss., 420.

*Monroe McClurg,* attorney-general, for the appellee.

Counsel cites Smith's case in 62 Miss. It will be found, upon examination, that the facts therein are not to be compared with those in this case, which are more like the facts in Jones' case, 58 Miss., 349, the only material difference being that the officer in this case did not warn the appellant, but he states emphatically that he did not ask for a confession, and that he was not present when Rutland advised him that it was best to tell the whole truth. This case should be decided by the rule announced by Judge George in the Jones case, that inducements to confess held out by mere private persons, not having nor assuming to have power over the prosecution, are not objectionable. This being true, the confession testified to as having been made to Rutland was clearly admissible. . ..

WHITFIELD, C. J., delivered the opinion of the court.

Rutland told the appellant, a negro boy, in the presence of Thoggard, the officer, while appellant was in a cell in the city jail, that it would be better to tell the truth about it, if he had anything to do with it, that it would be best for him. Thoggard, asked what caused appellant to confess, said: "I suppose it was Rutland's talk; Rutland, I suppose, was the cause of it." Rutland was the employer of the appellant, and had such authority and influence over appellant as these relations would usually imply. Neither Thoggard nor Rutland gave appellant any warning or any information

that his confession should be voluntary. In *Jones* v. *State,* 58 Miss., 354, George, J., draws the distinction between confessions made to one in authority on inducements held out and to a private person, "without any kind of authority," holding confessions competent in the latter case, in the former, not, but adds that inducements held out by a private person may have the effect to induce a false confession, owing to the position of the person holding out the inducements, or the weakness of the prisoner. In that case the confession was made to Watson, a private person having no authority over the prisoner, not his employer, in the presence of the sheriff. Watson told the prisoner it would be best for him to tell the whole truth, and urged him to do so. But the sheriff twice warned the prisoner that he "need expect nothing from him, if he did tell what he knew; that it must be voluntary on his part; that he would make him no promise, and he must expect no favor because of any confession he might make," and the court, referring to these warnings said: "This evidence excludes the supposition that the prisoner thought that the officer concurred in the inducements, or gave his sanction to them," and adds: "The admissibility of the confession in this case, therefore, must be tried by the same rule as if the inducements to confess were held out by a mere private person, not having or assuming to have, any power over the prosecution." And it must be added that it was shown in that case (p. 352) that the prisoner wanted to make a statement to the sheriff."

Here the case is very different. Rutland was the employer, in whose service this boy had been for two years, and who naturally exercised over him the influence usual in such cases. The appellant received no warning of any kind. The statement was caused by Rutland's talk with him, in which he was told it would be the best for him, and all this whilst he was incarcerated in a cell of the city jail. The environments were distinctly different. Following the distinction marked out in

the Jones case, supra, we are unable to pronounce that this confession was free and voluntary, beyond a reasonable doubt, and the case is too close on the proof to say that it might not have turned the doubtfully balanced scale against the appellant.

*Reversed and remanded.*