(85 South. 863)

GAY v. STATE. (6 Div. 671.)

(Court of Appeals of Alabama. May 18, 1920.)

1. CRIMINAL LAW ☞486—WITNESS CAN TESTIFY THAT MEAL AND BEER WERE USED IN THE MANUFACTURE OF SPIRITUOUS LIQUORS.

In prosecution for manufacturing liquor, a witness, having testified that meal and beer were found at defendant's still, can then testify that the meal and beer were used in the manufacture of spirituous liquors, though witness testified that he had never seen whisky manufactured, as such scientific knowledge is not necessarily acquired by seeing the whisky made.

2. CRIMINAL LAW ☞406(3)—ADMISSION AS TO ARTICLE CONNECTED WITH CRIME PROCURED BY INDUCEMENT HELD ADMISSIBLE, WHERE ARTICLE WAS FOUND AS STATED.

Though sheriff obtained information as to where cap of still was hidden, from accused, by promise not to prosecute for carrying a pistol, the statement was admissible in a prosecution for manufacturing liquors; the truth of the statement having been corroborated by a finding of the cap in the place pointed out.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Alfred Gay, alias, etc., was indicted and convicted of manufacturing liquor contrary to law. From the judgment, he appeals. Affirmed.

F. E. St. John, of Cullman, for appellant.

The witness was not qualified to state that whisky was made from the beer and stuff found at the still. 35 Ala. 176; 119 Ala. 555, 25 South. 251, 72 Am. St. Rep. 943; 150 Ala. 167, 43 South. 747; 160 Ala. 422, 49 South. 771. The confession was not admissible. 84 Ala. 426, 4 South. 383. The defendant was entitled to the affirmative charge. 14 Ala. App. 11, 70 South. 949.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. [1] The witness having testified that meal and beer was found at the stills, the witness can then testify that the meal and beer found at defendant's still was used in the manufacture of spirituous liquors, although witness testified that he had never seen any whisky manufactured. The scientific knowledge as to the manufacture of whisky is not necessarily acquired by seeing the whisky made.

[2] Although the sheriff obtained information as to where the cap of the still was hidden from the defendant by a promise not to prosecute him for carrying a pistol, the statement, though involuntary, was admis-

sible; the truth of the statement having been corroborated by a finding of the still cap in the place pointed out by defendant. This is one of the exceptions to the rule as to the admissibility of admissions.

The facts warranted a submission of the case to the jury, and therefore the refusal of the affirmative charge was free from error.

There is no error in the record, and the judgment is affirmed.

Affirmed.