MOSS v. STATE. (4 Div. 717.)

(Court of Appeals of Alabama. Dec. 19, 1922. Rehearing Denied Jan. 9, 1923.)

1. Criminal law ⬤⟹522(1)—Evidence as to fear of accused inducing confession held admissible.

In prosecution for the possessing still for the illegal manufacture of intoxicants, where evidence was offered that accused was induced by fear caused by threats of arresting officers to lead the latter to a still and state that he made whisky there, held that, if the result of such fear of accused had been only to cause accused to lead the officers to the still, offered evidence of the mental status of accused engendered by the acts and threat of the officers would not have rendered inadmissible evidence of his leading them to the still which might be introduced as a confession, for the finding of the still was sufficiently corroborative of such part of the confession, regardless of its involuntary nature, but the part of the confession which consisted of accused's statement that he made whisky there was not cor-

roborated by the finding of the still; hence proof that such part of the confession was involuntary was admissible.

2. Criminal law ⬤⟹736(2), 741(3)—Admissibility of confession for the jury.

The admissibility of a confession as depending on its voluntary character is for the court; and the weight and credibility of a confession for the jury.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Walter Moss was convicted of a violation of the prohibition laws, and he appeals. Reversed and remanded in conformity with judgment of Supreme Court, 209 Ala. 3, 96 South. 450.

Certiorari denied by Supreme Court in Ex parte State ex rel. Atty. Gen. (Moss v. State) 209 Ala. 553, 96 South. 454.

Farmer, Merrill & Farmer, of Dothan, for appellant.

A confession may be by conduct as well as by words. 85 South. 868. It was error to refuse to allow defendant to answer the question whether he was frightened. 204 Ala. 180, 85 South. 519. To render a confession competent it must be freely and voluntarily made. The admissibility of a confession is for the court to determine. 17 Ala. App. 539, 85 South. 852; 18 Ala. App. 217, 90 South. 16; 204 Ala. 104, 85 South. 437; 17 Ala. App. 427, 85 South. 858.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A statement by the court that whether a confession was voluntarily made was a question for the jury is not prejudicial, where it appears that the confession was voluntary. 5 Ala. App. 128, 59 South. 374; 4 Mich. Ala. Dig. 246, 326; 18 Ala. App. 160, 89 South. 854; 93 South. 214.

SAMFORD, J. The judgment in this case has heretofore been reversed by this court. On application to the Supreme Court for certiorari by the state, writ was awarded, and a judgment there rendered remanding the cause to this court for further consideration. 4 Div. 15, 96 South. 450.[1] In the opinion announcing the writ and remandment, Gardner, J., speaking for the court, calls this court's attention to a question presented by the record on appeal and not considered by us in the rendition of the judgment of reversal. An examination of the record discloses this to be a fact, which on the original consideration we thought to be unnecessary. We now proceed to a consideration of those questions. The state sought to prove by A. W.

---

[1] 18 Ala. App. 122.
[2] 18 Ala. App. 277.

[1] 209 Ala. 3.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Crowe a confession on the part of the defendant. At this point the witness Crowe testified that he made no threats, held out no inducements, offered no reward, nor did anybody in his presence, to get defendant to make a statement. The state then asked the question, "What did they say?" To this question defendant objected, stating grounds of objection. Before the question was answered, defendant by permission of the court cross-examined Crowe on this point, and in response to questions he testified that at the time of arrest he (Crowe) had a shotgun and a pistol; the sheriff had a pistol; that they did shoot at defendant; that he shot twice with the shotgun and three times with the pistol; that he did not know how many times Boswell shot, but that he did shoot some; that, when the officers caught defendant, defendant and another who was with him were handcuffed together; but that witness never told defendant if he (defendant) did not take witness and show him where that still was witness would kill defendant. Defendant then testified:

"I have heard what Mr. Crowe testified about. My judgment is they shot at us 25 or 30 times. We stopped and came back to where they were. When we go back there, Crowe changed his pistol from his right to left hand and took out a pair of handcuffs, and says, 'Put your damn arms in there,' and we both stuck our arms out, and he said, 'Where is that damn still,' and I said, 'We ain't got any still,' and he said, 'You are a God-damned liar; if you don't tell where it is I will kill you,' and he then took his pistol back in his right hand and held it up to my head and said, 'God damn you, go back where that still is.' We did go back to the still."

Defendant's counsel then asked:

"I will ask you if you were frightened at that time?"

The state objected to this question. The defendant's counsel stated to the court what he expected the answer to be, but the court sustained the objection, and the defendant excepted. Crowe then on being recalled testified on this point over the objection and exception of defendant:

"They carried us back in the swamp about 30 or 40 yards from where we caught them and showed us a pot still where they said they made whisky."

The defendant moved to exclude the whole answer, assigning proper grounds, and, on this motion being overruled, moved to exclude that part of the answer as follows: "Where they said they made whisky."

[1] The question first to arise is: Did the court err in refusing to permit the defendant to testify, under the surrounding circumstances, that he was frightened when he showed the officers the still and said they made whisky on the still? If the result of the fear in defendant's mind arising out of and from the surrounding circumstances and threats had been only to cause defendant to lead the officers to a still located in the woods near by where they then were, the mental status of defendant engendered by the shooting, arrest, handcuffs, and threats would not for that reason have rendered that part inadmissible, the still itself being corroborative of the act of disclosure, and so much of the confession as was corroborated by the still itself was admissible, regardless of its involuntary nature. Gay v. State, 17 Ala. App. 446, 85 South. 863; Gregg v. State, 106 Ala. 44, 17 South. 321; Rice v. State, 204 Ala. 104, 85 South. 437. But the statement, "where they said they made the whisky," finds no such corroboration in the finding of the still as to take it from under the influence of the rule stated in Machen's Case, 16 Ala. App. 170, 171, 76 South. 407. To show that this statement, if made, was involuntary, the defendant was entitled to make such proof as was available. After a careful consideration of the opinion in Kinsey v. State, 204 Ala. 180, 85 South. 519, which opinion is supported by Johnson v. State, 102 Ala. 20, 16 South. 99, Lowman v. State, 167 Ala. 57, 52 South. 638, Williams v. State, 123 Ala. 39, 26 South. 521, Postal Co. v. Hulsey, 115 Ala. 193, 22 South. 854, Henry v. State, 107 Ala. 22, 19 South. 23, and Anderson v. State, 104 Ala. 83, 16 South. 108, we feel impelled to hold that the trial court erred in refusing to permit the defendant to testify that at the time of the making of the alleged statement he was frightened. The evidence was competent to be considered by the court in passing upon the predicate and by the jury in its consideration of the weight to be given the statement in determining guilt.

[2] The court in its oral charge instructed the jury as follows:

"It is up to you to say whether or not, under all the testimony in the case, the statements so given by them were voluntary, or whether they were induced and secured under such circumstances as to show they were in fear, put in fear by reason of some act or conduct on the part of the person to whom, or in whose presence, the statements are alleged to have been made, whether or not they were induced to make these statements by reason of threats or by reason of holding out to them some reward or hope thereof."

"If the latter, that is, if the defendant at the time and on the occasion when they made the statements, if they did make them, were in fear, were induced and secured to make them by reason of threats, some fear of some injury to themselves, or by reason of any promises on the part of the officers in the nature of a reward, or they held out such hope of reward on their part as to induce these defendants to make the statements, why, then, such statements could not be considered and weighed by you gentlemen when you come to determine the guilt or innocence of the defendants in this case."

. "But if, under all the circumstances, taking all the testimony that is introduced with reference to the circumstances under which these statements were made, when weighed and considered by you, if it is your judgment they were voluntarily made by defendants, they were not made under such circumstances as to show they were not in fear, or any threats were made to induce them to make such statements, or that any promise of reward, or hope of reward, were held out to them in order to induce them to make such statements, then, in that event, if you are satisfied for the testimony in the case that these statements were in truth and in fact made, why, then, in that event, you would weigh and consider such statements along with the other evidence in the case, giving to the statements such weight and such credit as you deem it is entitled to, under all the circumstances."

The foregoing excerpts from the court's oral charge, to which exception was reserved, shows that the question as to the admissibility of the statements as to their voluntary nature was submitted unreservedly to the jury.

In Bob v. State, 32 Ala. 560, it was held:

"Whether the confessions were made through fear, or from promise of favor, was a question affecting the admissibility of the testimony, and was for the court. * * * The charge asked by the defendant would have referred this question to the jury, and was therefore properly refused."

In Redd v. State, 69 Ala. 255, the court held:

"It is a well-established maxim of the law that the admissibility of evidence is always a question to be determined by the court, and its weight or credibility is for the determination of the jury. It is for the court, therefore, to say whether the confessions of a prisoner are voluntary or involuntary, and this question, being judicially settled, cannot be reviewed by the jury."

In McKinney v. State, 134 Ala. 134, 32 South. 726, the court said:

"The question exclusively for the determination of the court."

To the same effect are the holdings in Hunt v. State, 135 Ala. 1, 33 South. 329; Carr v. State, 17 Ala. App. 539, 85 South. 852; Rice v. State, 204 Ala. 104, 85 South. 437; Machen v. State, 17 Ala. App. 427, 85 South. 858; Fowler v. State, 170 Ala. 65, 54 South. 115. The case of Burton v. State, 107 Ala. 108, 18 South. 284, does not assert a different rule. On the contrary, the foregoing rule is recognized. See opinion 107 Ala. 125, 18 South. 288, where the court says, speaking of the confessions:

"Prima facie they were admissible. The credibility of the witnesses, their bias, if any, relationship to the deceased, the truth of the confessions themselves, the weight to be given to them, were questions to be considered and determined by the jury under the circumstances."

That is the rule—admissibility for the court; weight and credibility for the jury. In Jackson v. State, 83 Ala. 76, 3 South. 847, the court adheres to this rule, saying:

"The determination of this inquiry, as the determination in respect to the admissibility and competency of all evidence, lies within the province of the court."

In Young & Griffin v. State, 68 Ala. 569, asserts no contrary rule. The headnotes may be somewhat involved, but the extended opinion by Stone, J., is clear and to the point. A superficial reading of the opinion in Kinsey v. State, 204 Ala. 180, 85 South. 519, might lead to some confusion, but a careful study of that opinion will disclose that the court had no intention of changing the well-established rule of evidence existing and recognized by the courts and the profession since the beginning of time. It will be noted that, while the opinion in the Kinsey Case, supra, does say, "If Staggs, on the night of the killing, expressed to appellant the menacing purpose appellant testified he did, his fear of Staggs, if such he entertained, was an important circumstance that should have been given the jury for their consideration in deciding whether his alleged 'confessions' were voluntary," the very next sentence qualifies its meaning so as to bring the opinion in line with the other adjudicated cases, in that the opinion continues, "Its effect and probative force were for the jury to decide." The court was in error in charging the jury as above set forth.

It is unnecessary, we think, at this time to pass upon the admissibility of the confessions claimed, as on another trial other and further facts may develop.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

MERRITT, J., not sitting.