## USREY v. STATE.

(In Banc. Feb. 12, 1945.)

[20 So. (2d) 847. No. 35720.]

**A. S. Scott,** of Laurel, and **Pat Koonce,** of Hattiesburg, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

Argued orally by **A. S. Scott**, for appellant, and by **R. O. Arrington**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant appeals from a convicton of murder which carried with it a death sentence. His victim was his sister, Mrs. Etta King, who was found choked to death by bits of her own clothing.

The assignments of error are summarized in the contention that a signed confession by the accused was improperly admitted. This statement was admittedly dictated and signed by the accused and presents in detail the reasons for and circumstances of the homicide. It was given in the form of questions to. and answers by the defendant, and was taken down by a stenographer who also reported and included in the transcription a preliminary admonition of the officer to whom it was given, the following statement: "Anything that you may say about this matter will be used against you and will also be used to help you. Knowing that, are you willing to make a statement telling the truth?" Answer: "Yes." The contention is that this imports into the confession a promise of reward and is based upon the implication that the confesson might be availed of by the accused to such advantage as he may utilize.

In rejecting this contention, we do not adjudge the effect of this language as standing alone. This was the third confession made by the defendant. The first was voluntarily made orally to an officer, and was substan-

tially in the language of the transcribed answers. A second of like import and effect was made verbally to another officer.

These confessions were made while the accused was in custody of the law in Little Rock, Arkansas. Later, when he was removed to Hattiesburg for trial, he told the sheriff he did not want to discuss the murder, stating "I just don't want to talk about it, I made one confession already and I think that ought to be enough."

The vice of induced confessions, whether under pressure of threat or promise, is seen not so much in the method used as in the result. It is the improbability of its being true that vitiates it, even though the courts takes frequent occasion properly to condemn forcible methods. 22 C. J. S., Criminal Law, sec. 817, p. 1426; 30 Am. Jur., Evidence, Sec. 483, p. 422. In any event, the subsequent confession, even though involuntarily made, would not of necessity destroy the admissibility of prior confessions freely made. 22 C. J. S., Criminal Law, sec. 817, p. 1437.

The defendant testified on his own behalf. He did not deny making the three confessions, but sought to explain his motive therefor. He testified that he was under parole from the California penitentiary where he had served nearly nineteen years of a life sentence. His expressed purpose was to be extradited to the State of Mississippi, and by thus evading charges lodged against him in Arkansas, to avoid the risk of a revocation of his parole, although the officer to whom he originally confessed testified that the accused denied that he had confessed merely to get back to Mississippi. He admitted having stated to an officer in Little Rock "You are looking at the rottenest" person "that ever lived," and was quoted as deeming himself deserving of the electric chair, which he asked that the sheriff "get ready."

Although there are some intimations adduced by the defendant that he was promised while in Arkansas that

only one of three pending charges would be pressed, this is denied by other witnesses. The basis of the attack upon the written confession is, as stated, the language of its preamble.

The confessions are all consistent with each other, and with the physical facts, and reveal an expressed motive, originating in the mind of the defendant himself and not superimposed by outside influences.

We therefore are not willing to overturn the finding of the trial judge that the written confession was under all the circumstances admissible. The judgment of the trial court is affirmed, and Friday, March 23, 1945, is fixed as the date for the execution of the sentence.

Affirmed.