61 So.2d 724

## REDWINE v. STATE.

### 8 Div. 680.

Supreme Court of Alabama.

Nov. 20, 1952.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen. and Guin & Guin, Russellville, opposed.

FOSTER, Justice.

On the trial of this case the State was seeking to prove a confessory statement by defendant charged with a serious assault and battery.

The defense was insanity. Defendant did not testify. The usual and a sufficient predicate showing the voluntary character of the confession was the subject of testimony. There was none to the contrary. But before the statement was introduced and received, defendant objected. The objection was overruled and the statement admitted in evidence. Appellant, petitioner here, complains of the refusal of the court to permit him to show, prior to the admission of the confession, that at the time it is alleged to have occurred, he was *insane* and, therefore, the confession was not voluntary.

In order to get the exact status relating to this question, we have examined the record as we have a right to do for that purpose. It shows that defendant's counsel stated to the court, as follows: "The defendant would like to have the opportunity before that statement is made to put witnesses on the stand to determine whether or not he was sane at the time, and we would like to have the opportunity to interpose and introduce evidence to the fact that the man was not sane at that time, and therefore, that it was not a voluntary statement". "The court overrules the request. The defendant excepts." And in respect to the proposed testimony of another witness of the confession made by defendant, his counsel made the same objection and offer of proof "through witnesses to show the man was insane at the time any alleged statement was made". This was not shown to be in corroboration of other evidence that the confession was involuntary.

With respect to the legal question there presented, the Court of Appeals approved the principle declared in State v. Berberick, 38 Mont. 423, 100 P. 209, to the effect that "it was error to admit in evidence a confession of an accused without permitting

Howell Thomas Heflin, Tuscumbia, for petitioner.

him the demanded opportunity of showing that he was of unsound mind when it was made." The Court of Appeals is there saying, as we understand, that this must be permitted on the voir dire and before evidence of the confession is admitted, when defendant offers such proof at that time, and it is not corroborative of other proof that it was involuntary.

But we think the weight of authority is not so broad as it is there expressed. 22 C.J.S., Criminal Law, § 836, p. 1464, notes 80 and 81. In the case of State v. Feltes, 51 Iowa 495, 1 N.W. 755, the offer of defendant was to show that at the time of the confession he was under the influence of liquor and delirium tremens or otherwise insane. The court observed that such evidence was proper only to impair or destroy the effect of the confession; and it was for the jury to determine what weight should be given to the confession in view of such mental status. But that the court should not have excluded evidence of the confession on that account. In 2 Wigmore on Evidence, section 495, note 1, the Feltes opinion is criticised as being erroneous. However in State v. Haworth, 24 Utah 398, 68 P. 155, a quotation is taken from the Feltes case with approval, in which there is also a quotation from Commonwealth v. Howe, 9 Gray, Mass., 110, to the same effect. It was observed that the true rule is that such evidence goes to the weight of the confession unless defendant was so much under the influence of such condition as not to understand what he was confessing. The Haworth case cited and quoted from an English case to the same effect, and also cited State v. Grear, 28 Minn. 426, 10 N.W. 472; Lester v. State, 32 Ark. 727; Jefferds v. People, 5 Parker, Cr.R., N.Y., 561; and Wharton's Criminal Evidence (9th Ed.) section 635: see, also Wharton's Criminal Evidence (11th Ed.) sections 631 and 632, wherein it is said such evidence is admissible to show that the declarant was drunk or insane at such time in order to affect the credibility of the confession, but not its admissibility. The Haworth opinion also quoted from McKelvey on Evidence (2d Ed.) section 84, and then observed that "neither the refusal of the defendant's request to place witnesses on the stand to show primarily the mental and physical condition of the defendant, nor the admission in evidence of the confession * * * was error." [24 Utah 398, 68 P. 162.] In the case of State v. Church, 199 Mo. 605, 98 S.W. 16, the same authorities and quotations are given.

In the case of People v. Stielow, Sup., 161 N.Y.S. 599, such evidence was held to be admissible only going to the weight of the confession rather than its admissibility. Likewise is the case of People v. Miller, 135 Cal. 69, 67 P. 12.

In Peck v. State, 147 Ala. 100, 41 So. 759, 760, evidence was introduced without objection to show that defendant was weakminded and began to cry when a question assuming his guilt was put to him. It was held that the alleged confession was inadmissible, but the Court said:

"The time, place, and surroundings of the prisoner, the manner of evoking the confession, and by whom evoked, in the very nature of things, were calculated to unduly influence the prisoner and render a confession under such circumstances inadmissible in evidence against him. And the mere fact that no threats were used or promises made to the defendant, and nothing more said to him than to ask the question which called for the confession, is not enough, under the facts in this case, to affirmatively show that the confession was voluntarily made."

In Lindsey v. State, 66 Fla. 341, 63 So. 832, 833, 50 L.R.A.,N.S., 1077, it is said: "Intoxication, less than mania, does not exclude a confession", citing many cases including Eskridge v. State, 25 Ala. 30, and the others here referred to. In the Eskridge case it is said: "It does not follow necessarily, that because the party was much intoxicated, his reason was so far dethroned as to disable him from comprehending the effect of his admissions, or from giving a true account of the occurrence to which they had reference," referring to evidence of a confession. The Eskridge case was cited in Smith v. State, 25 Ala.App. 297, 145 So. 504, holding that intoxication, less

than mania, does not exclude a confession. See, also, Bell v. United States, 60 App.D.C. 76, 47 F.2d 438, 74 A.L.R. 1098 (and annotation). This latter case cites the Florida and Alabama cases and others supra, all to the same effect.

■ If the offer of evidence goes to the extent of showing mania, so that the defendant at the time was either an "idiot" or "lunatic during lunacy," he would be an incompetent witness under section 439, Title 7, Code. Therefore, it would be competent to show that the confession was involuntary. Burns v. State, 226 Ala. 117, 145 So. 436.

The offer of evidence was that he was *not sane* at the time of the confession and therefore that it was not a voluntary statement. This was not offered as a circumstance to support other evidence that the statement was not voluntary. The offer of evidence went to the admissibility of the confession, not to its weight.

■ In order to review a ruling on an offer of testimony, there are some well settled principles which we will quote from 64 Corpus Juris pages 127, 128, 129, 130 and 131:

"An offer of proof must be certain, intelligible, and must definitely state the facts sought to be proved, either by reference to the evidence proposed to be offered or to the facts to be proved. * * * An offer must be specific enough to make its relevancy apparent. If evidence would be relevant in conjunction with other facts not yet in the record, the offer should be accompanied by an offer to prove those facts at the proper time. * * * The offer cannot be made in general terms, but must be so made as to give the court an opportunity to rule on the specific testimony, complaint of the exclusion of which is made, and must be so specific as to show the error of the court in refusing to admit it. A party is bound to know what his witness can say and to make the offer in such terms that the court has the assurance that if permitted to speak the witness will so testify. * * *

"While recognizing that the better practice is to put the witness on the stand, it is competent, it has been held, for the trial court, with consent of opposing counsel, to rule on an offer without calling the witness. Where the court rules that it will not hear plaintiff's witnesses, he need not produce each of them before the court."

■ When the offer was made to prove that defendant was not sane when the confession was made, it was not limited in its scope to the kind or extent of insanity which would serve to make evidence of it inadmissible. A presumption favorable to the court's ruling will be indulged against defendant. The only nature of evidence which defendant had the legal right to interpose at that stage of the trial in respect to his insanity was that it was such as to show incapacity to know and remember that what he was saying related what had occurred. It is probably the same theory as that which makes a man incompetent to testify because of his mental deficiency. The offer of proof as framed was not necessarily of the sort which would render him incompetent as a witness. A person may be partially insane and still be competent to testify or make a confession. Insanity is a relative and broad term. A paranoiac is insane, but competent to testify, we doubt not, in many instances.

It is said in McKinstry v. City of Tuscaloosa, 172 Ala. 344, 54 So. 629, 631, that "The rule is that the testimony of an idiot or a lunatic may be received 'if he appears to have sufficient understanding to comprehend the obligation of an oath, and to be able to give correct (not necessarily ore tenus) answers to questions put." This involves an inquiry, it is said, into his appearance and demeanor and the nature of his statements. And it is for the court to determine whether he has the requisite intelligence and ability to communicate his responses to questions.

■ It is our view that the difference in the authorities which we have noted may be analyzed on the theory that some of them were heedless of the degree of insanity involved. We think that if defendant had

made a proper offer to prove that he did not have the mental capacity requisite to be a witness, as stated above, he should have had the opportunity of doing so before the confession was admitted. But that was not the nature of the offer which defendant made. There was therefore no error in sustaining the objection interposed by the State.

The Court of Appeals affirmed, notwithstanding the error as they thought, on the theory that the facts contained in the confessory statement were proven by other witnesses and were without dispute and, therefore, that Supreme Court Rule 45, Code 1940, Tit. 7, Appendix, applies. It does not appear whether this means that during the trial such facts were admitted or how it was that they were without dispute. It is not the duty of defendant to admit or deny any given circumstance. If there was error of the court in rejecting legal evidence offered by defendant, tending to show his incapacity to make a confession, and in the admission of the confession without such evidence, the ruling is not rendered innocuous because there was legal evidence of the facts so confessed, and none opposed, but which defendant had not admitted in the trial of the case. The rule is different where defendant admitted in his testimony, or otherwise in court, the existence of those facts. Smith v. State, 253 Ala. 220(6), 43 So.2d 821; Ray v. State, 248 Ala. 425(3), 27 So.2d 872; Cooley v. State, 233 Ala. 407, 171 So. 725.

If the Court of Appeals meant to ground its finding that the error was harmless under Rule 45, supra, upon the circumstance that there was other evidence of the facts set forth in the confession without conflict, and that defendant had not testified denying them, we doubt if it would be firmly supported. We prefer not to approve that conclusion as thus expressed. We think the cases cited by the Court of Appeals to sustain their conclusion do not have that effect. We refer to Moss v. State, 19 Ala. App. 85, 96 So. 451, and Gregg v. State, 106 Ala. 44, 17 So. 321.

The evidence proposed in the instant case was not to prove a circumstance corroborative of other evidence, as in the Moss case, supra, that the confession was involuntary.

That was the only evidence offered, we assume.

The other question presented on this petition is the holding that refused charges 1 and 3 were covered by the court's oral charge. That has been held to present a legal question and to impose on us the duty to examine the oral charge to determine that for ourselves. Brown v. State, 249 Ala. 5, 31 So.2d 681. We have done so and agree with the Court of Appeals that those charges were covered by the oral charge.

We therefore deny certiorari, but with the limitations which we have expressed.

Certiorari denied.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.