71 So.2d 47

### WALKER v. STATE.

#### 8 Div. 686.

Supreme Court of Alabama.

March 11, 1954.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., Thos. M. Haas, Montgomery, of counsel, for the State.

GOODWYN, Justice.

Appellant was indicted and tried for the offense of murder in the first degree. The indictment charged that he "unlawfully, and with malice aforethought, killed William F. Butler, by shooting him with a shotgun, against the peace and dignity of the State of Alabama." He entered a plea of "not guilty" and "not guilty by reason of self defense".

The jury found appellant guilty of murder in the second degree and fixed his punishment at 25 years' imprisonment. Sentence was passed in accordance with the jury verdict.

One of the errors complained of is the action of the trial court in sustaining the state's objection to the following question asked the defendant: "Lee, when Babe Butler opened that knife out there and J. C. was sitting there, were you scared?". Babe Butler had been identified by the evidence as being the same person as William F. Butler, the deceased. "J. C." was J. C. Butler, brother of deceased who accompanied the deceased to defendant's home and was present there during the difficulty.

Bradshaw, Barnett & Haltom, E. B. Haltom, Jr., Florence, for appellant.

We recently discussed the identical point in the case of Hardie v. State, Ala.Sup., 68 So.2d 35, 39,[1] and there held that such a question is proper when relevant and material. In that case we said the following:

1. Ante, p. 75.

"The rule in Alabama is that a witness may not testify as to his uncommunicated intent, purpose or motive. Presumably, it was this rule upon which the trial court relied in excluding questions regarding the witness's mental state, but allowing questions concerning visible physical manifestations of that mental state.

"A direct precedent for the court's ruling regarding testimony about the witness's fright is Stewart v. State, 78 Ala. 436 (no error to exclude defendant's testimony that, just prior to the difficulty, he was 'in a fright'). Most of the cases which have cited and followed the Stewart case on this point involved testimony as to the witness's motive or intent, rather than his emotional state. Brown v. State, 79 Ala. 51, 53 (motive); Seams v. State, 84 Ala. 410, 416, 4 So. 521 (motive); Dent v. State, 105 Ala. 14, 17, 17 So. 94 (motive); Birmingham Bottling Co. v. Morris, 193 Ala. 627, 634, 69 So. 85 (malice); Patton v. State, 197 Ala. 180, 183, 72 So. 401 (motive).

"On the other hand, more recent cases have permitted testimony similar to that here excluded. Alabama Power Co. v. Edwards, 219 Ala. 162, 121 So. 543 ('I was scared,' allowed); Jones v. Keith, 223 Ala. 36, 134 So. 630 (testimony that the witness was 'excited,' allowed); Moss v. State, 19 Ala.App. 85, 96 So. 451 (testimony by defendant that he was frightened, allowed).

"Two of the more recent discussions of this point are found in McGuff v. State, 248 Ala. 259, 27 So.2d 241, and Ingram v. State, 252 Ala. 497, 42 So. 2d 36. In the McGuff case the court followed the prevailing Alabama rule and held inadmissible testimony as to the defendant's purpose or motive in proceeding to a certain place. In the Ingram case the court approved the admission of a witness's testimony as to his fear, for the reason that the emotion of fear is an 'involuntary physical effect' and 'for that reason it

is different from the mere voluntary mental action of entertaining a motive or intention which was not communicated or otherwise expressed.' On the basis of this distinction, therefore, the excluded testimony was competent and should have been admitted, provided it was relevant and material. * * *."

By way of justification of the shooting and in support of the plea of self defense, there had been offered on behalf of defendant, prior to the question being directed to him, that the deceased was coming at defendant with an open knife in his hand when the shooting occurred. Clearly, whether defendant was "scared" was relevant and material in connection with the other evidence in support of his plea of self defense. Exclusion of such testimony calls for a reversal of the case.

The other assignments of error present questions which probably will not arise in the same manner on another trial. Therefore, we see no necessity of discussing them.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.