This is an appeal by the defendants from a judgment entered on a jury verdict in favor of the plaintiff in a slip and fall case.
Defendant M/S, Inc., owns and operates a McDonald's restaurant under a franchise from defendant McDonald's Corporation.
On June 7, 1978, the plaintiff came to McDonald's, and after purchasing some food, took one step out the door onto the encircling patio when her right foot slipped and she fell. At that time it was raining, and the patio was wet with rain water.
During trial the plaintiff testified that she did not see what caused her fall, but she proved that there was a difference in the coloration of the floor area just outside the door in contrast to the other areas of the patio, and that a test performed by a physicist for the purpose of determining the coefficient of friction of plaintiff's shoes on the patio surface showed that the surface around the door was more slippery than the other less traveled areas of the patio.
Defendants' motions for a directed verdict both at the close of the plaintiff's case and at the close of all the evidence were denied. Defendants did not move for a J.N.O.V. or new trial.
The defendants argue that the trial court erred in denying their motion for a directed verdict. Because the defendants did not move for a J.N.O.V. nor seek a new trial, the propriety of the trial court's failure to direct a verdict on the sufficiency of the plaintiff's evidence is not before us. Rule 50, ARCP. Great Atlantic and Pacific Tea Co., Inc. v. Sealy,374 So.2d 877 (Ala. 1979).
The defendants next argue that the trial court erred to reversal in refusing a number of their written requested charges to the jury. We have examined the record with respect to each refused charge and find that the court gave a charge substantially the same as the one refused or covered the subject of the charge in its oral charge. *Page 955 
The law in a case like this has long been settled. The plaintiff was a business invitee of the defendants and, as such, the defendants have the duty of exercising ordinary and reasonable care to keep the premises in a reasonably safe condition. This does not require a storekeeper to keep a floor completely dry during rainstorms. Terrell v. WarehouseGroceries, 364 So.2d 675 (Ala. 1978).
The plaintiff's theory of liability in this case does not rest upon a charge that the defendants had allowed water to accumulate. She contended that over the years since the patio was built in 1973, the area in front of the door had become worn from traffic. More than 3,000,000 people had traversed the area in that time. There was also evidence that this area was a different color from the rest, inferentially from spilled food. The plaintiff's expert testified that the area outside the door where the plaintiff fell was slicker than the other areas from the door by a factor of two.
We are not persuaded that the court erred in allowing the expert to testify and hold that the conditions under which the test was conducted were sufficiently similar to conditions on the day of the fall to allow the results into evidence.
The most compelling argument for reversal concerns the defendants' efforts to show other accidents or the absence thereof. Such evidence is admissible, and its exclusion is reversible error if the proper steps are taken to put the court in error. The rule in this state is stated thusly in C. Gamble,McElroy's Alabama Evidence, § 83.01 (3d Ed. 1977).
(1) General rule
 On an issue of whether a place or thing was safe or dangerous at the time of the accident in question, evidence of the occurrence or non-occurrence of accidents to others at other times, in the use of such place or thing, is admissible if the condition of the place or thing at such other times was substantially the same as the condition existing at the time of the accident in suit.
. . . .
 The question of defendant's right to prove the absence of injuries has been repeatedly and affirmatively answered by the courts of Alabama. The best stated rule can be found in Birmingham Union Ry. v. Alexander, (93 Ala. 133, 9 So. 525) in which the court made the following observation:
 It would, therefore, have been competent for the plaintiff to prove that other similar casualties had happened at that crossing, as tending to show a defective condition of the track. On like considerations the defendant should be allowed the benefit of proof that the track as it was at the time was constantly crossed by other persons under similar conditions, without inconvenience, hindrance or peril, as evidence tending to show the absence of the alleged defect, or that it was not the cause to which the injury complained of should be imputed. The negative proof in the one case, equally with the affirmative proof in the other, serves to furnish the means of applying to the matter the practical test of common experience. A knowledge of the experience of others who were, in like manner with the plaintiff, brought into contact with the alleged defective structure, may enable the jury to weigh all the evidence before them in the light of the rule that like causes operating under like conditions produce like results.
In this case the record shows the following:
 Q. [By defense counsel] Now, Mr. Thompson [McDonald's manager], Mr. Clement asked you yesterday about how many people ya'll had through there since 1973. And I believe you said about three million?
A. That's right.
Q. And during this time —
 MR. CLEMENT: If it please the Court, I would like to approach the bench a minute.
(At this time the attorneys approached the bench) *Page 956 
 MR. CLEMENT: At this time the Plaintiff makes a motion, an oral motion in limine asking the Court to instruct the attorney for the Defendant not to ask the witness how many people have fallen at McDonald's in Muscle Shoals. I object to such questions in that it is not the criteria or standard as to how many people have fallen or not fallen in a particular place.
 MR. BACCUS: Let the record show that Mr. Clement opened the door when he asked how many people had been through McDonald's, and the witness said that three million people had been since 1973. He opened the door for that question.
BY THE COURT: I grant the Plaintiff's motion.
 MR. BACCUS CONTINUES: Now, as I understand it, that surface has been the same out there since 1973 with respect to the type material and the pea gravel surface out there?
A. Right.
 Q. And in 1976 out there, that was the same type surface as was out there, in particular on June 7, 1978 — excuse me.
A. Yes.
 Q. That was the same type surface as was out there in front of McDonald's?
A. Yes.
The plaintiff having elicited testimony that 3,000,000 people had walked on the area where the plaintiff fell, the defendants were clearly entitled to show that only the plaintiff had fallen. However, it is necessary to make an offer to prove that fact. Here we cannot know what the evidence would have shown, and no offer of proof was made to tell us. For all we know, the witness might have testified that scores of people had fallen in the same area.
At § 425.01 (4), Gamble, supra, the following appears:
 [I]f the trial court sustains an objection made to a question which does not on its face show what is the expected answer, it then becomes the duty of the questioning party, in order to predicate his appeal upon this as an erroneous ruling, to make an offer of proof. This should be done by calling the court's attention to the expected answer and explaining the relevancy of such an answer.
. . . .
 When the question does not show on its face the answer that will be given, and that such would be relevant, there must be an offer of proof made for appeal purposes.
The quality of the offer of proof was defined by this Court in Redwine v. State, 258 Ala. 196, 61 So.2d 724 (1952):
 "An offer of proof must be certain, intelligible, and must definitely state the facts sought to be proved, either by reference to the evidence proposed to be offered or to the facts to be proved. . . . An offer must be specific enough to make its relevancy apparent. If evidence would be relevant in conjunction with other facts not yet in the record, the offer should be accompanied by an offer to prove these facts at the proper time. . . . The offer cannot be made in general terms, but must be so made as to give the court an opportunity to rule on the specific testimony, complaint of the exclusion of which is made, and must be so specific as to show the error of the court in refusing to admit it. A party is bound to know what his witness can say and to make an offer in such terms that the court has the assurance that if permitted to speak the witness will so testify."
258 Ala. at 199, 61 So.2d 724.
We assume that had the testimony been allowed, the witness would have testified that there had been no other falls at McDonald's at the place where the plaintiff fell, but we cannot base a reversal of a trial court on an assumption. The evidence should have been allowed, but the appellant has the burden of showing reversible error, and in this instance that required an offer of proof of what the excluded evidence would have been.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 957