BEATTY, Justice.
These appeals arise from a judgment entered upon a jury verdict in a boundary line dispute between adjoining landowners. We affirm.
Oscar Mahan and his family sued Lamar Bonner, alleging that Bonner had plowed under a road which was on the Mahans’ land and that Bonner had fenced the Ma-hans off the property where the road had been. Mahan asked the court to quiet title to the disputed real estate and to determine the boundary line between the Mahan property and the Bonner holding. Mahan furthermore requested that if the court found that the road was on Bonner’s land, then it determine whether the Mahan family had an easement of ingress and egress over Bonner’s property. Mahan also demanded damages from Bonner for interfering with the Mahan possessory interest in the roadway and for assault.
Bonner answered that the disputed land belonged to him, and he counterclaimed, alleging that Mahan had trespassed on his land on numerous occasions. He moved for directed verdict at the close of Mahan’s case and again after all the evidence was presented. In support of his motions for directed verdict, Bonner argued that there was no evidence that title to the disputed property belonged to Mahan. He claimed that he had had his parcel surveyed in 1980, using the legal description he got when he bought it in 1973, and that after the survey he moved the fence to its present location along the west boundary line of his property. He also claimed that he had paid taxes on the disputed land since 1973. Bonner argued, moreover, that he was entitled to a directed verdict because there was no evidence that Mahan had acquired the roadway by adverse possession. He charged that Mahan had failed to prove that he had exercised open, continuous, hostile, and actual possession of the roadway for the required ten-year period. According to Bonner, Mahan had never really possessed the real estate in question and the Mahan family’s use of the road had been permissive.
The trial court denied Bonner’s motions for directed verdict and sent the case to the jury. First, the court asked the jury for a verdict on whether Mahan or Bonner had title to the land and whether Mahan had any interest in the roadway. The jury returned a verdict finding that title to the disputed property was Bonner’s but that the property was subject to a private easement in favor of Mahan. The court then sent the jury back out to deliberate on Mahan’s interference-with-possessory-inter-est and assault claims. On these two claims, the jury returned a verdict for the defendant. Thereafter, the trial court established Mahan’s easement as 20 feet in width, and ordered Bonner to remove the fence from the property so as to allow the Mahan family access to the roadway over which the easement was established. Bonner did not move for a judgment notwithstanding the verdict (“JNOV”) or a new trial.
Bonner now appeals, making two claims of error. He argues first that the trial court improperly denied his motion for directed verdict. Second, he argues that the trial court erred in establishing the dimensions of the easement found by the jury without submitting the question of such dimensions to the jury.
Bonner contends that the trial court should have directed a verdict that there was no easement by prescription because Mahan offered no evidence of the exact boundaries of the easement he claimed. We hold that Bonner’s claim that he was entitled to a directed verdict is not before *462 this Court because the record discloses that he did not move for a JNOV. In McDonald’s Corp. v. Grissom, 402 So.2d 953, 955 (Ala. 1981), we held that in order to challenge the sufficiency of evidence on appeal by asserting as error the trial court’s denial of a motion for directed verdict, the appellant must file a timely motion for JNOV. We stated the rationale for requiring such a post-trial motion in Great Atlantic & Pacific Tea Co. v. Sealy, 374 So.2d 877, 881 (Ala.1979):
“ ‘Exercise of this discretion presents to the trial judge an opportunity, after all his rulings have been made and all the evidence has been evaluated, to view the proceedings in a perspective peculiarly available to him alone. He is thus afforded “a last chance to correct his own errors without delay, expense, or other hardships of an appeal.” ’ ”
Quoting Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 216, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947). In this case, because Bonner did not move for JNOV, we cannot examine the sufficiency of Ma-han’s evidence.
Bonner also asserts as error the failure of the trial court to submit to the jury the task of determining the dimensions of the easement it found. In order to preserve for review trial court error in failing to give jury instructions, a party should request the desired instruction and must except to the trial judge’s failure or refusal to give it. See Pepsi-Cola Bottling Co. of Dothan v. Colonial Sugars, a division of Borden, Inc., 423 So.2d 190, 192 (Ala.1982). In that case, we held that Rule 51, A.R.Civ.P., “is explicit in its requirement of a specific objection and the assignment of grounds therefor.” 423 So.2d at 192.
The record reveals that Bonner never objected or excepted to the trial court’s decision not to submit to the jury the question of the dimensions of the easement. After the close of the evidence and the closing arguments, the trial court gave its initial charge to the jury on the issues of ownership of the disputed real estate and whether Mahan had acquired an easement. Immediately after the judge’s initial charge, both parties made their exceptions to it. After the jury returned its verdict on these issues, the court gave its charge on Mahan’s interference-with-possessory-inter-est and assault claims. The judge sent the jury back to the jury room, and neither party made any further exceptions to the court’s charge. The trial court did not refuse to give any requested charge or to submit any issue to the jury. Rather, Bonner failed to ask the judge to submit the issue of the dimensions of the easement to the jury, and he did not object to the omission of that issue from the jury charge. Therefore, the question of whether the court erred in not allowing the jury to decide that issue was not preserved for appellate review.
Mahan also cross appeals from the trial court judgment because it does not establish the true boundary line between the Mahans and the Bonners. In Mahan’s complaint, he asked that “the true and correct boundary line of the property and Bonner property be located, approximately marked and accurately described by the court.” Notwithstanding that the judgment does not describe the boundary line, we hold that Mahan’s cross appeal must fail. Mahan failed to preserve any error as to the final judgment on which to base his cross appeal. He did not object to the absence from the judgment of the legal description he sought, nor did he file a motion to amend the judgment to include the description of the boundary line. Had Mahan moved to amend the judgment under Rule 59(e), A.R.Civ.P., and had the judge denied the amendment, then Mahan could argue that the denial was error. However, Mahan failed to move to amend the judgment, and therefore there was no trial court error for him to raise on cross appeal. The judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.